UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL SOMMERFIELD,

    Plaintiff,

v.                                                                    Case No. 16-C-808

CITIGROUP GLOBAL MARKETS INC.,

    Defendant.

AND

MICHAEL SOMMERFIELD,

    Plaintiff,

v.                                                                     Case No. 16-C-827

ASSOCIATED TRUST CO.,
ATTORNEY DAVID TIMM,
BEVERLY SOMMERFIELD, and
THOMAS ALBERT,

    Defendants.

## DECISION AND ORDER

Plaintiff Michael Sommerfield filed the above pro se complaints against Defendants Citigroup Global Markets Inc. (CGMI), Associated Trust Co., Attorney David Timm, Beverly Sommerfield, and Thomas Albert alleging theft of his inheritance under a trust. Each defendant has filed a motion to dismiss the complaint. Although Plaintiff has never submitted a response to the motions to dismiss, he has submitted an "unsigned motion to strike Associated Trust Co.'s motion to dismiss case and defendants motions to dismiss themselves from this case," (ECF No. 50), which the Court

will construe as a response. Associated also filed a motion for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. For the following reasons, the motions to dismiss are granted and Associated's motion for sanctions will be granted in part and denied in part.

## BACKGROUND

Plaintiff's self-prepared complaint and supplement are a disorganized, rambling tirade alleging that Defendants interfered with his inheritance from his grandparents, Clarence and Thelma Albert. Plaintiff alleges that his grandfather, Clarence Albert, created five trusts to control the distribution of his wealth. (Supp. at 11, ECF No. 23.) Plaintiff asserts that at the time of his grandfather's death, his estate was worth $30,000,000. (*Id.* at 6.) In 1993, Plaintiff alleges that his grandmother, Thelma Albert, was coerced into signing a Last Will and Testament through which Defendants were able to control her estate and steal his inheritance. (Compl. at 2–3, ECF No. 1.) Although Plaintiff claims his grandmother was coerced into signing the 1993 Last Will and Testament of Thelma Albert because she was "on her death bed," she did not pass away until October 29, 2006. (Compl. at 4, ECF No. 1.) Plaintiff asserts that he is entitled to receive distributions under two trusts created by his grandparents: the 1968 Thelma Albert Irrevocable Trust (the 1968 Trust) and the Clarence Albert and Thelma Albert Trust No. 1 (Trust No. 1). His legal endeavors regarding this inheritance, however, neither began in federal court nor with this case.

In 2014, Plaintiff brought numerous state court actions alleging claims related to his grandparents' estates. Plaintiff filed his first state court lawsuit in June 2014 with his uncle, Thomas Albert, alleging that Associated breached its fiduciary duty and committed fraud as a trustee of trusts created by Clarence Albert. (*Dr. Thomas Albert & Michael Sommerfield vs. Associated Trust Co.*, Case No. 14-CV-918, ECF No. 60-1.) On January 22, 2015, the circuit court dismissed Plaintiff's

2

claims with prejudice. (ECF No. 60-5.) The Wisconsin Court of Appeals dismissed Plaintiff's appeal on October 28, 2015, and the Wisconsin Supreme Court dismissed Plaintiff's petition for review on December 2, 2015. (ECF Nos. 60-6 & 60-7.)

On September 17, 2014, Plaintiff filed a motion to vacate the court's order terminating a trust from Clarence Albert's will. (*In the Matter of the Estate of Clarence E. Albert*, Case No. 79-PR 534715, ECF No. 60-8.) The circuit court denied Plaintiff's motion to re-open the probate proceedings on July 20, 2015 because Plaintiff did not present any unique and extraordinary reasons to vacate the order terminating the trust. (ECF No. 60-9.)

In November 2014, Plaintiff filed a Petition for Special Administration to commence probate proceedings for Thelma Albert. (*In the Estate of Thelma Albert*, Case No. 14-PR-113, ECF No. 10.) He also filed an Application for Informal Administration in August 2015 and a Petition for Formal Administration in June 2016. (ECF No. 60-12 & 60-14.) In each instance, the circuit court concluded Plaintiff did not have standing to pursue his claims because he was not a beneficiary of Thelma Albert's Will or intestate estate. (ECF Nos. 60-11, 60-13 & 60-15.) In dismissing Plaintiff's Petition for Formal Administration, the circuit court referred to Plaintiff as a "serial litigator." (ECF No. 60-15.) On March 31, 2016, Plaintiff filed a complaint in Brown County, Wisconsin probate court requiring CitiCorp Trust South Dakota to provide an accounting of his mother's trust. (*In the Trust of Beverly A. Sommerfield*, Case No. 16-PR-46, ECF No. 60-16.) On August 11, 2016, the circuit court dismissed the case. (ECF No. 60-17.)

Since then, Plaintiff has filed eight federal lawsuits arising out of his grandparents' estate plan and his state court litigation. *See* 16-CV-536; 16-CV-537; 16-CV-928; 16-CV-1169; 16-CV-1324; 16-CV-1375. His complaint in this case alleges that Defendants have engaged in "many multifaceted

3

illegal actions of breach, fraud, embezzlement, concealment, withholding evidence, destruction of evidence, falsifying records, forgery, coercion, elderly abuse by financial exploitation, illegal wire transfers, and conspiracy all that that break many laws guarding the safety of one's inheritance from an Irrevocable Trust." (Supp. at 4, ECF No. 23.) Plaintiff also alleges that CGMI is liable for his allegedly "stolen inheritance" because it is the institution where Beverly Sommerfield deposited a portion of the proceeds of her inheritance. (ECF No. 1.)

## ANALYSIS

**I. Motions to Dismiss**

Defendants have moved for dismissal asserting that Plaintiff's claim is barred by the statute of limitations, that the court lacks subject matter jurisdiction over his claim, that Plaintiff lacks standing, and that plaintiff fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he or she must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* The court is obliged to construe a plaintiff's pro se allegations liberally, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable

4

to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

Although motions to dismiss under Rule 12(b)(6) generally do not address affirmative defenses, "the statute of limitations may be raised in a motion to dismiss 'if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 579 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 843 (7th Cir. 2005)). It is appropriate to consider the statute of limitations at this stage if the "relevant dates are set forth unambiguously in the complaint," *id.*, and if the plaintiff effectively "pleads himself out of court" by providing enough facts in his pleading to establish a timing defect in his complaint. *Cancer Found. v. Cerberus Capital Mgmt.*, 559 F.3d 61, 674–75 (7th Cir. 2009). In this case, Plaintiff has pleaded facts showing that his claims are barred by the statute of limitations. Accordingly, dismissal under Rule 12(b)(6) is appropriate.

It appears Plaintiff primarily alleges that Defendants committed fraud, theft, and breach of fiduciary duty. The relevant statute of limitations for Plaintiff's breach of fiduciary duty claims is three years. *See* Wis. Stat. § 893.57. Moreover, the relevant statute of limitations for Plaintiff's theft and fraud claims is six years. *See* Wis. Stat. §§ 893.51, 893.43, 893.93. Wisconsin Statute § 893.43 advises that "an action upon any contract, obligation, or liability, express or implied, . . . shall be commenced within 6 years after the cause of action accrues or be barred." This period begins to run either when the injury *is* discovered, or when it *should have been* discovered with "reasonable diligence." *Hanson v. A. H. Robins, Inc.*, 335 N.W.2d 578, 583 (Wis. 1983).

Here, Plaintiff alleges that Associated terminated Trust No. 1 in a letter on or before May 5, 2008. (Supp. at 13, ECF No. 23.) He also asserts that the 1968 Trust was terminated on May

5

20, 2008 when $18,754.80 was transferred into his Associated Bank checking account. (Supp. at 27, ECF No. 23; Compl. at 6, ECF No. 1.) Plaintiff alleges that in 1981, he learned that his grandfather's estate was worth at least $5,000,000. (Supp. at 16, 29, ECF No. 23.) Plaintiff further alleges that CGMI's theft occurred at the time Beverly Sommerfield deposited her share of the distribution from the Thelma Albert estate into the Beverly Albert Sommerfield Brokerage Account. (ECF No. 1 at 1.) Throughout his submissions to the court, Plaintiff continually questions where all of the money from his grandfather's fortune went. (Supp. at 25, ECF No. 23.) An objectively reasonable and diligent person would have discovered Plaintiff's alleged injury in 2008 after he received the termination letter and trust distribution that he believes is short millions of dollars. But Plaintiff did not file his complaint until June 24, 2016. (ECF No. 1.) Plaintiff's complaint is time barred because he failed to file within the time allowed under the applicable three or six year statute of limitations for his respective claims. Accordingly, Defendants' motions to dismiss are granted.

**II. Sanctions**

Associated also moved for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. Rule 11 allows district courts to impose sanctions on lawyers or parties (or both) "for submissions that are filed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. *See Senese v. Chi. Area I.B. of T. Pension Fund*, 237 F.3d 819, 823 (7th Cir. 2001). "The central goal of Rule 11 is to deter abusive litigation practices." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004) (citation omitted). Although the court construes pro se filings liberally, *Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001), a party's pro se status does not excuse violations of Rule 11, and the court may impose sanctions upon the pro se litigant. *Perry v. Barnard*, 911 F.2d 736 (7th Cir. 1990). "Frivolous,

6

vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995). Accordingly, district courts enjoy "broad discretion in setting a sanction award that it believes will serve the deterrent purpose of Rule 11." *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003); *Fries v. Helsper*, 146 F.3d 452, 459 (7th Cir. 1998) (noting that district courts have "significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person(s)." (citation omitted)).

Associated notes that Plaintiff has an extensive litigation history arising out of the same operative facts regarding his grandparents' estate and his inheritance. Plaintiff's conduct in these cases is part of a pattern of abusive and duplicative litigation, comprising eight federal lawsuits and four state lawsuits filed within the last two years. Plaintiff has persistently used the court system to harass these defendants through frivolous lawsuits, motions, and appeals. Therefore, I conclude that the imposition of sanctions is appropriate.

Under Federal Rule of Civil Procedure 11(c)(4), a sanction "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part of the reasonable attorney's fees and other expenses directly resulting from the violation." Associated requests that this Court impose a combination of sanctions: (1) a monetary penalty to be paid into the Court; (2) payment of Associated's reasonable attorneys' fees for defending this action; (3) prohibiting Sommerfield from filing any additional civil lawsuits in the Eastern District of Wisconsin *in forma pauperis*; and (4)

7

prohibiting Plaintiff from filing any lawsuits against the defendants in this action relating to claims for inheritance from his grandparents' trusts or estates. Given the circumstances in this case, an appropriate sanction is a monetary penalty of $1,000 to be paid by Plaintiff to the Clerk of Court and payment of Associated's reasonable attorneys' fees, together with a ban on new filings by Plaintiff in this court until the penalty and attorneys' fees are paid.

In arriving at the amount of the penalty in this case, the Court has considered Plaintiff's ability to pay the fine as well as Plaintiff's egregious conduct. The Court notes that Plaintiff was allowed to proceed *in forma pauperis* in this action after considering the financial information he submitted to the Court. (ECF No. 5.) However, in light of Plaintiff's abuse of the judicial process, a monetary penalty in this case must be large enough so that paying it will indeed be somewhat onerous for Plaintiff, thereby deterring any repetition of his conduct in the future. Moreover, Plaintiff is required to pay Associated's reasonable attorneys' fees that it incurred in this litigation. This is an appropriate sanction because Plaintiff has improperly used this federal litigation process and it will deter him from using litigation for improper purposes in the future.

Plaintiff is also advised that the court may issue an injunction imposing pre-filing restrictions on a vexatious litigant. *See, e.g.*, *Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010); *McCready v. eBay, Inc.*, 453 F.3d 882, 892–93 (7th Cir. 2006); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995). Given the circumstances in this case, Plaintiff is barred from filing any new actions in this District until he pays Associated's reasonable attorneys' fees and the $1,000 sanction to the Clerk of Courts. *See Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996). This restriction has no impact on currently pending actions before other judges in this district. Plaintiff may submit to this Court, no earlier than two years from the date of this Order, a motion to modify

8

or rescind the Order. *Id.* Additionally, after Plaintiff either pays the sanction and Associated's attorneys' fees or, after two years, the Court rescinds the Order, Plaintiff is barred from ever pursuing any legal claim in this District regarding the claims raised in this case against Associated or any of the other named defendants in this action.

Plaintiff will not be barred from filing future actions *in forma pauperis*. Nonetheless, the court will treat any future filings as presumptively frivolous. If Plaintiff cannot persuade a judge that his claims are colorable, the judge may terminate the litigation forthwith.

## CONCLUSION

Accordingly, Defendants motions to dismiss (ECF Nos. 34, 36, 38, 44, and 65) are **GRANTED**. Associated's motion for Rule 11 sanctions (ECF No. 58) is **GRANTED** in part and **DENIED** in part. All other motions are moot. Plaintiff must pay Associated's reasonable attorneys' fees. Associated is instructed to submit an accounting of the reasonable attorneys' fees it incurred in defending this lawsuit within 30 days of this Order. Plaintiff must also pay a $1,000 fine to the Clerk of Court. The Clerk of Court **MUST NOT** accept any new papers to file new actions from Plaintiff until Associated's attorneys' fees and the $1,000 fine are paid. No earlier than two years from the date of this Order, Plaintiff may submit to this Court a motion to modify or rescind the Order. Plaintiff cannot initiate any further actions in this District against Associated or any of the other named defendants in this action, arising out of or relating to his alleged right to any inheritance from the trusts or estates of his grandparents. This action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly. Associated may file a bill of costs with the Clerk of Court.

9

**SO ORDERED** this   10th   day of November, 2016.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court